IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TONY DONNELL GRANDISON, ) | Civil Action No. 7:15-cv-00453 | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| LESLIE FLEMING, et al., ) | By:   Hon. Michael F. Urbanski | |
|     Defendants. ) |        United States District Judge | |

Tony Donnell Grandison, a Virginia inmate proceeding pro se, filed civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as the defendants: Leslie Fleming, Warden of the Wallens Ridge State Prison ("WRSP"); Dr. Rose Dulaney, the physician at WRSP; and M. Stanford, a nurse at WRSP. Plaintiff alleges that defendants are not providing adequate medical care, in violation of the Eighth Amendment of the United States Constitution. After reviewing Plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff's complaint consists of mere legal buzzwords, labels, and conclusions, and thus, it is not entitled to an assumption of truth. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The grievances he filed in support of the complaint, however, reveal that Plaintiff is dissatisfied with the medical care he has sought for seeing "dark spots" and blurry vision. Plaintiff had been asking to see an optometrist at WRSP since August 2014, even though he had seen an optometrist in May 2014 and had received new reading glasses. Plaintiff repeatedly complained that he should not have to wait to go blind before seeing an optometrist at WRSP, but on June 15, 2015, Dr. Dulaney examined Plaintiff's eyes, determined Plaintiff was not going blind, and refused to refer Plaintiff to an optometrist. Nurse Stanford has replied to Plaintiff's

requests for services, telling Plaintiff, inter alia, that he is on a list to see an optometrist once an optometrist is available to inmates at WRSP.

To state an Eighth Amendment claim about medical care, Plaintiff had to sufficiently demonstrate that a defendant was deliberately indifferent to a serious medical need without relying on buzzwords, labels, and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Estelle v. Gamble, 429 U.S. 97, 105 (1976). However, Plaintiff fails to describe that a defendant was personally aware of facts indicating a substantial risk of serious harm and actually recognized the existence of such a risk, whether by actual intent or reckless disregard. Farmer v. Brennan, 511 U.S. 825, 838 (1994); Estelle, 429 U.S. at 104; Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). Plaintiff also fails to describe any substantial harm resulting from a delay to see an optometrist. See, e.g., Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir 2008). Nothing in the record suggests that Plaintiff's care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851. Plaintiff's disagreement with Dr. Dulaney's diagnosis does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

Neither Warden Fleming nor Nurse Stanford had any apparent relationship with Plaintiff's ability to see an optometrist or with Dr. Dulaney's diagnosis. Warden Fleming cannot be liable under respondeat superior simply because he is the warden, and Nurse Stanford cannot be liable merely because she responded to some prison forms Plaintiff had filed. See, e.g.,

Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978); DePaola v. Ray, No. 7:12cv00139, 2013 U.S. Dist. LEXIS 117182, *23, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) (citing Brooks v. Beard, 167 F. App'x 923, 925 (3rd Cir. 2006)).

Accordingly, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1), and denies Plaintiff's motion for a preliminary injunction as moot.

Entered: October 14, 2015

/s/ *Michael F. Urbanski*

Michael F. Urbanski
United States District Judge